UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE and MARY DOE,

    Plaintiffs,

v

CITY OF LUDINGTON,

    Defendant.
_____/

Case No. 1:22-cv-278

HON.

### PLAINTIFFS' COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs, John Doe and Mary Doe[1], by and through their attorneys, KONING & JILEK, P.C., and for their Complaint against the Defendant, state as follows:

### JURISDICTIONAL ALLEGATIONS

1.    Plaintiffs John Doe and Mary Doe are citizens of the State of Michigan and are residents of the City of Ludington, which is located in the State of Michigan within the venue of the United States District Court for the Western District of Michigan.

2.    Defendant City of Ludington is a city located on the western shore of the State of Michigan and is located within the venue of the United States District Court for the Western District of Michigan.

3.    The jurisdiction for this case is "federal question litigation" pursuant to §1331, Title XXVIII of the United States Code.

---

[1] John Doe and Mary Doe are pseudonyms for the Plaintiffs. The violation of their constitutional rights by Defendant City of Ludington has been made public and the actual names of the Plaintiffs are known to Defendant City of Ludington. City of Ludington has made the decision giving rise to these constitutional issues as part of a "straw pole" in which City residents were asked to give opinions about the issue raised by the Plaintiffs. Because of this and other actions by the City, Plaintiffs have been subjected to name calling and threats and therefore the pseudonyms are used in this litigation.

4. This suit is also brought pursuant to 42 U.S.C. §1983, which provides individuals the right to sue state government municipalities and employees and others acting under color of state law for civil rights violations.

5. The Plaintiffs' civil rights claims of violations against the Defendant arise, *inter alia*, under Title II of the Americans with Disabilities Act established by §504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 as well as other regulations: 42 U.S.C. §12101, *et seq.* as well as the Fair Housing Amendments Act of 1988 (42 U.S.C. §3601, *et seq.*).

6. Defendant City of Ludington has, and continues to receive, federal funding.

7. The amount in controversy and the damages exceed $75,000, exclusive of fees and costs.

## INTRODUCTORY ALLEGATIONS

8. In the late summer of 2021, Defendant City of Ludington reconnected a siren, which had been located in a different location, in Copeyan Park in downtown Ludington.

9. This siren goes off at 12:00 p.m. and 10:00 p.m., daily.

10. The siren, which emits noise in excess of 90 decibels, is not used for any legitimate City purpose; City council members have promoted the use of the siren as being "nostalgic."

11. Any claims that the siren provides necessary use would be false and self serving[2].

12. Plaintiff John Doe is an American Armed Forces Veteran, who spent two tours of duty in Afghanistan and one tour in Iraq.

---

[2]In an attempt to justify the nostalgic siren, at times, individuals have indicated that the 10:00 p.m siren coincides with the curfew for individuals 13 years and younger, however, there have been no problems with said curfew; curfew violations did not increase after the siren was discontinued for approximately two to three years and there are other, less onerous ways to notify young children if, in fact, any reasonable claim could be made of its use.

13. Plaintiff John Doe, a United States veteran, has been diagnosed with post-traumatic stress disorder ("PTSD"), arising from his service; as such, he is a qualified individual under all of the laws and statutes complained of as being violated.

14. Plaintiff John Doe was shot twice while in his service in the Armed Forces.

15. During his service, Plaintiff John Doe was located in a forward area combat zone.

16. The combat zone had a similar siren, which would wail to warn service members of incoming shelling or gunfire.

17. The sirens, while Plaintiff John Doe was in the service, often went off on a nightly basis.

18. Plaintiff John Doe, who has been ruled disabled because of PTSD, began having significant exacerbation of his PTSD starting in the late summer/early fall of 2021.

19. The timing of Plaintiff John Doe's significant exacerbation coincided with the reconnecting of Defendant City of Ludington's siren.

20. Plaintiff John Doe and his wife, Plaintiff Mary Doe, brought this exacerbation of his PTSD to the City council.

21. The City council relied, in part, on their straw pole of residents in which it was indicated that a majority of Ludington residents wanted the siren reconnected.

22. A City council member has also indicated that Plaintiff John Doe would "get used to it" after a while.

23. The City's position has been exemplified by a leading City council member who suggested to Mary Doe (John Doe's legal representative with the Veterans Administration ("VA")) that John Doe should ask for help from the VA to assist him in adapting to the siren.

24. The same council member, in justifying the siren, told Plaintiff Mary Doe that her position on the siren was supported after she polled members of a cheer squad and they thought the issue was "silly;" and by talking to a veteran who told her, to the effect, 'joining the military is like buying a dog, you have to pick up your own sh**, it's not the city's responsibility to do it.'

25. The constitutional rights of individuals has never been decided by straw poles of residents. Indeed, there would have been no desegregation of the Little Rock Schools in 1954 had public opinion been the deciding issue.

## COUNT I - CONSTITUTIONAL VIOLATIONS

26. The aforementioned Americans with Disabilities Act and the Federal Fair Housing Act provide private causes of action and apply to local municipalities.

27. The Americans with Disabilities Act ("ADA"), Americans With Disabilities Act of 1990. Pub. L. 101-336. § 1. 26 July 1990, prohibits discrimination against people with disabilities.

28. The Federal Fair Housing Act ("FFHA"), Title VIII of the Civil Rights Act of 1968, prohibits discrimination because of disability and holds municipalities liable for discrimination against disabled individuals in their customs, policies, or actions.

29. There is no reasonable necessity for the City of Ludington to continue blowing its siren two times a day.

30. Both the ADA and FFHA require reasonable accommodation for the disabled in its activities and policies; since there is no reasonable necessity for the siren, a reasonable accommodation would be to silence the siren except for emergency use.

31.     Defendant City of Ludington, knowing that John Doe is a disabled veteran, has violated the ADA and the FFHA by not reasonably accommodating Plaintiff John Doe's disability.

## DAMAGES

32.     Plaintiff John Doe has had an exacerbation of his PTSD, which has caused mental anguish and damage to his enjoyment of life, pursuit of happiness, marriage, and relationship with his children.

33.     Plaintiff Mary Doe, who is the lawfully wedded wife of Plaintiff John Doe, has also suffered damage because, *inter alia*, she has had to undergo the challenges of living with an individual with exacerbated PTSD and has seen their marriage and her husband's relationship with their children deteriorate.

## COUNT II - PENDANT STATE CLAIMS

34.     Plaintiffs incorporate by reference and reallege each paragraph, 1 through 33, as though fully set forth herein.

## NUISANCE

35.     The State of Michigan allows a nuisance action which seeks to redress interference with an owner's reasonable use and enjoyment of their property.

36.     The allowance of the siren to blow two times per day is a nuisance; the following website is an example: https://youtu.beTCYmEZno6sw of the siren blaring.

37.     The siren is an intentional and negligent nuisance per se.

38.     The siren is both a public and private nuisance.

39.     The nuisance was created by the Defendant who owns and controls the property from which the nuisance arose.

40. Damages for the nuisance include, but are not limited to, injunctive relief, abatement, and money damages.

41. In a public nuisance brought by a citizen, attorney fees can be awarded.

## COUNT III - STATE AND FEDERAL VIOLATIONS

42. Plaintiffs incorporate by reference and reallege each paragraph, 1 through 41, as though fully set forth herein.

43. The City of Ludington has violated and refused to enforce City Code violations against itself, to wit:

    a. City Code 34-98 (5), (6) and (7); and

    b. City Code 38-76.

## COUNT IV - REQUEST FOR INJUNCTIVE RELIEF

44. Plaintiffs incorporate by reference and reallege each paragraph, 1 through 43, as though fully set forth herein.

45. The Plaintiffs will suffer irreparable injury absent an order.

46. The threatened injury to the Plaintiffs outweighs any harm to the City of Ludington.

47. An injunction is not adverse to the public interest.

48. The moving party has a substantial likelihood of success on the merits.

49. Ceasing use of the siren in regular use (except in emergencies) is necessary given the facts and equities.

WHEREFORE, Plaintiffs John Doe and Mary Doe pray for judgment against the Defendant for its federal constitutional violations as well as the pendant claims, including creating and

maintaining a nuisance. Plaintiffs request all damages allowed for, including, but not limited to, compensatory damages, punitive and/or exemplary damages, actual attorney fees, and interest.

                                               Respectfully submitted,

                                               KONING & JILEK, P.C.

Dated: March 25, 2022                      /s/ James H. Koning
                                               James H. Koning (P31622)
                                               Attorney for Plaintiffs
                                               Koning & Jilek, P.C.
                                               8080 Moorsbridge Road, Suite 103
                                               Portage, MI 49024
                                               (269) 343-1500
                                               jkoning@koningjilek.com

## JURY DEMAND

Plaintiffs, John Doe and Mary Doe, through their counsel, hereby demand a trial by jury on all issues allowed to be tried by a jury, pursuant to Fed. R. Civ. P. 38.

                                               Respectfully submitted,

                                               KONING & JILEK, P.C.

Dated: March 25, 2022                      /s/ James H. Koning
                                               James H. Koning (P31622)
                                               Attorney for Plaintiffs
                                               Koning & Jilek, P.C.
                                               8080 Moorsbridge Road, Suite 103
                                               Portage, MI 49024
                                               (269) 343-1500
                                               jkoning@koningjilek.com