UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, et al.,

    Plaintiffs,

v.

CITY OF LUDINGTON,

    Defendant.

_____/

Case No. 1:22-cv-278

Hon. Hala Y. Jarbou

## ORDER

Plaintiffs are anonymously suing the City of Ludington for moving and re-connecting a siren in Copeyan Park in downtown Ludington, which allegedly exacerbated Plaintiff John Doe's post-traumatic stress syndrome (PTSD) from his two tours of duty in Afghanistan and one tour of duty in Iraq with the American Armed Forces. Plaintiffs claim that the City of Ludington has violated Plaintiff John Doe's rights under the Americans with Disabilities Act (ADA) and the Federal Fair Housing Act (FFHA) by refusing Plaintiffs' proposed reasonable accommodation of only using the siren for emergencies. Plaintiffs also allege pendant state claims for nuisance, city code violations, and a request for injunctive relief. Plaintiffs have not sought leave of the Court to proceed anonymously.

Courts begin with a presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Federal Rules of Civil Procedure generally require a complaint to state the names of all parties. *Id.*; Fed. R. Civ. P. 10(a). A plaintiff may proceed anonymously only in exceptional circumstances where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Id.*; *see Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). In determining whether an exception is justified, a court may consider factors including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).  Other factors courts have considered include:

> (1) whether the defendants will be prejudiced if the plaintiff proceeds under a pseudonym; (2) whether the plaintiff will suffer harm if he is identified; and (3) the public interest in guaranteeing open access to judicial proceedings without denying litigants access to the justice system.

*Doe v. Mich. State Univ.*, No. 1:18-cv-1430, slip op. at 2 (W.D. Mich. Apr. 9, 2019); *see EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

Plaintiffs have failed to demonstrate that their privacy interests substantially outweigh the presumption in favor of open judicial proceedings.  On the contrary, Plaintiffs admit "[t]he violation of their constitutional rights by Defendant City of Ludington has been made public and the actual names of the Plaintiffs are known to Defendant City of Ludington." (Compl., ECF No. 1, PageID.1.)  As to the first *Porter* factor, Plaintiffs may be suing the City of Ludington as a government entity but no one factor is dispositive.  (*See Doe v. Univ. of Pittsburgh, et al.*, No. 1:17-cv-213, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018) (citing *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012) ("The simple fact that plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity."))). The second, third, and fourth factors are not relevant here.

Turning to the additional factors, Plaintiffs' fears of social stigma or harm to their reputations fail to outweigh the general interest in favor of open judicial proceedings. *See Doe v. Rider*, No. 16-4882, 2018 WL 3756950, at *5 (D.N.J. Aug. 7, 2018) (citing *Doe v. Megless*, 654

F.3d 404, 408 (3d Cir. 2011)). Such fears, without more, are not enough to justify an exception. *Id.* And that is especially true here, where Plaintiffs' identities are already known.[1]

The public interest in guaranteeing open access to judicial proceedings requires a heavy basis to overcome. *Munoz v. Mich. State Univ.*, No. 1:20-cv-984, slip op. at 3 (W.D. Mich. Oct. 15, 2020); *Megless*, 654 F.3d at 408 ("One of the essential qualities of a Court of Justice is that its proceedings should be public.") (internal citations omitted). Plaintiffs have failed to meet this burden.

Accordingly,

**IT IS ORDERED** that Plaintiffs are **DENIED** leave to proceed anonymously. If Plaintiffs wish to proceed with this litigation, they shall file an amended complaint in their full names within **seven days** from the date of this Order. If they fail to comply, the Court may dismiss the case for lack of prosecution.

Dated: March 31, 2022  /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE

---

[1] Justin Cooper, *City OKs Settlement Talks with Veteran Triggered by Copeyon Park Siren*, Ludington Daily News (Mar. 15, 2022), https://www.shorelinemedia.net/ludington_daily_news/news/local/city-oks-settlement-talks-with-veteran-triggered-by-copeyon-park-siren/article_9ef3f363-e01b-571c-816f-3f2c7f2db8c0.html (last updated Mar. 16, 2022).